IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELTON WHITE | ) | CASE NO. 1:10CV1804 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER . |
| v. | ) | |
| | ) | |
| JULIE E. MORGAN, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Melton White filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution against defendants Julie E. Morgan, Gerald L. Mack, Sue Bigham, Steven King, Dan Franklin and Martin Lundy. He alleges that the Defendants, FBI agents, assaulted him and were deliberately indifferent to his medical care. The alleged events occurred in 1997. He states that he was not taken to the hospital until 2000.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

42 U.S.C. § 1983 is not available against a federal agent. Such action must be brought under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), a corollary to § 1983 created by the judiciary. *See Browning v. Pennerton*, 633 F.Supp.2d 415, 431 (E.D. Ky.,2009). When *Bivens* is involved, a court uses § 1983 case law. *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995); *Hallock v. Bonner*, 567 F.Supp.2d 334, 337 (N.D. N.Y., 2008).

Even if Plaintiff may have a cause of action under the Eighth Amendment, it is apparent on the face of the Complaint that the statute of limitations for bringing a *Bivens* claim expired before Plaintiff filed this action. The most analogous statute of limitations from the state where the events giving rise to the claim occurred applies to *Bivens* cases. *Baker v. Mukasey,* 287 Fed.Appx. 422, 424 (6th Cir.2008). In Ohio, the two-year statute of limitations provided for in Ohio Revised Code § 2305.10 is used. *Lindsey v. City of Cleveland*, 2007 WL 782172 * 2 (N.D. Ohio, Mar. 13. 2007) (citing *Kurinsky v. United States*, 33 F.3d 594, 599 (6th Cir.1994)). Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. The conduct alleged in the Complaint took place over ten years ago when Plaintiff alleges that he finally received treatment for his alleged injuries. This action was filed on August 16, 2010, beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ( "Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.")*; Fraley v. Ohio*

*Gallia County,* 1998 WL 789385 * 1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); *Hunterson v. Disabato*, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan,* 2009 WL 872896 * 3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*)*; Balch v. City of Warren*, 2008 WL 687079 * 1 ((N.D. Ohio, Mar. 10, 2008) (same).

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted.  (ECF 2).  This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

Date:   *9/29/10*                                      */s/Dan Aaron Polster*
                                                       JUDGE DAN AARON POLSTER
                                                       UNITED STATES DISTRICT JUDGE